Jeffrey A. Koncius, State Bar No. 189803
  koncius@kiesel.law
Stephanie M. Taft, State Bar No. 311599
  taft@kiesel.law
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   310-854-4444
Fax:   310-854-0812

Attorneys for Plaintiff Bob Ward,
individually and on behalf of all others
similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BOB WARD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

INSTITUTO ESPAÑOL, S.A., a Corporation doing business as AVENA INSTITUTO ESPAÑOL; MIDWAY IMPORTING, INC., a Corporation; and DOES 1-10,

Defendants.

Case No. 2:21-cv-06584

**CLASS ACTION**

**COMPLAINT FOR:**

(1) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (Cal. Bus. & Prof. Code § 17200, *et seq.*)

(2) VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW (Cal. Bus. & Prof. Code § 17500, *et seq.*)

(3) VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT (Cal. Civ. Code § 1750, *et seq.*)

(4) NEGLIGENCE

DEMAND FOR JURY TRIAL

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

Plaintiff Bob Ward brings this action on behalf of himself and all California residents who purchased an aluminum-containing cosmetic and drug product that is improperly labeled as a "deodorant" roll-on. Plaintiff's allegations are based upon personal knowledge as to Plaintiff's own conduct and on information and belief as to all other matters based on an investigation by counsel, such that each allegation has evidentiary support or is likely to have evidentiary support upon further investigation and discovery:

## **PARTIES**

1.     Plaintiff Bob Ward is a resident of Santa Barbara County, State of California. Plaintiff purchased a two-pack of Defendants' improperly labeled "deodorant" roll-on in Santa Maria, California, in both October and November 2019. Plaintiff purchased the product with two understandings based on the product's label: that it was a deodorant, and would therefore not cause him irritation, and that it was natural. Unfortunately, due to the false representations set forth herein, neither understanding was correct, and Plaintiff did end up developing skin irritation after using the "deodorant." Despite this skin irritation, however, personal injury damages are not being pursued in this action.

2.     Defendant Instituto Español, S.A. (doing business as Avena Instituto Español) (hereinafter "Avena") is a cosmetic company based in Huelva, Spain. Avena manufactures and markets different types of beauty products including deodorants, creams, lotions, and body oils. The instant action is brought with respect to four of the "deodorants" that contain aluminum chlorohydrate, which are all marketed, manufactured, and sold by Avena throughout the United States and California, both online and in-store (hereinafter "Misbranded Products").

3.     Defendant Midway Importing, Inc. (hereinafter "Midway") is a corporation based in Houston, Texas, that handles imports, marketing, and distribution, for a variety of Hispanic product brands. Midway promotes itself as a leading Hispanic Health & Beauty Care products distributor for Spanish companies

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

like Avena to help retail their products throughout the United States, with the goal of obtaining "quality results." *See* https://www.midwayimporting.com/. Midway's website reflects the specific products that it markets and distributes, which includes the Misbranded Products that are the subject of this lawsuit. *See id.*

4.     According to Federal Court filings, Avena owns at least 10% stock in Midway.

5.      The members of the Class, defined further below, will be comprised of California residents who purchased one or more of the Misbranded Products.

6.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues such Defendants by fictitious names. Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities when they have been ascertained.

7.     Avena, Midway, and DOES 1-10 are collectively referred to herein as "Defendants."

8.     Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants were responsible in some manner for the occurrences herein alleged, and that the losses of Plaintiff and the Class members, as herein alleged, were proximately caused by Defendants' conduct.

9.     Defendants at all times herein alleged were the agents, employees, servants, joint venturers and/or co-conspirators of each of the other remaining Defendants, and that in doing the things herein alleged were acting in the course and scope of such agency, employment, joint venture, and/or conspiracy.

10.     At all times herein mentioned, the conduct complained of occurred in California, such that California has a significant interest in protecting the citizens of its own state from the conduct of Defendants.

## **BACKGROUND**

11.     Avena recognizes that health claims drive sales. It actively promotes the "softness, freshness, and hydration" benefits from using its products, as well as the

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

"natural" component of its products. It does this on its product labels and on its website. For example, within the deodorants section of the Avena website, it states the following:

> Activate your natural beauty with the long-lasting protection of Avena Instituto Español deodorants. A freshness feeling for all your daily activities.

https://avenainstitutoespanol.com/our-products/deodorants/

12. As explained in detail below, if a product contains aluminum chlorohydrate, it must be labeled as an "antiperspirant" and not a "deodorant." 21 C.F.R. § 350.10.

13. Additionally, in keeping with state and federal laws which prohibit against misleading representations on a cosmetic or drug label, a product containing aluminum chlorohydrate should not suggest that it is 100% natural, which is the conclusion that a reasonable consumer would draw by viewing the "100% Avena natural" representation on the front of one of the Misbranded Products. 21 U.S.C. §§ 352, 362; Cal. Health & Safety Code §§ 111330, 111730.

14. Avena manufactures five different types of roll-on "deodorants." Four of the five "deodorants" constitute the Misbranded Products described above as they contain aluminum chlorohydrate. Of the four Misbranded Products, one of the "deodorants" represents on its label that it is "100% Avena natural." This is the product that Plaintiff purchased.

15. The other three "deodorants" make no mention of naturalness, but instead represent that they are an "antitranspirant" on the front of the label.

16. According to Merriam-Webster Dictionary, the word "antitranspirant" refers to a type of substance that is sprayed on plant surfaces to reduce transpiration and inhibit water loss. *See* https://www.merriamwebster.com/dictionary/antitranspirant. Whether Avena intended for this word to mean and refer to "antiperspirant" is presently unknown. Regardless,

1  Avena's failure to use the proper terminology is a violation of both state and federal

2  law as discussed further below.

3  ///

4  ///

5  ///

6  ///

7  ///

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

17.     The labels on the front of the Misbranded Products are as follows with the first-listed yellow colored "deodorant" being the product purchased by Plaintiff:

  

  

  

  

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

18.     The ingredient list on the labels of the four Misbranded Products which reflects aluminum chlorohydrate as the second ingredient for each:



19.     The National Library of Medicine has outlined the components of, and uses for, aluminum chlorohydrate:

Aluminum chlorohydrate is a group of water-soluble aluminum complexes with the general formula $AlnCl(3n-m)(OH)m$. It is included up to 25% in over-the-counter hygiene products as an active antiperspirant agent. The primary site of action of aluminum chlorohydrate is at the level of the stratum corneum layer, which is relatively near the skin surface. It is also used as a coagulant in the water purification process.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1   https://pubchem.ncbi.nlm.nih.gov/compound/Aluminium-chlorohydrate

2   20.   According to its website, Avena manufactures, markets, distributes, and

3   sells the Misbranded Products to major retailers such as Dollar General, CVS,

4   Walmart, Walgreens, Rite-Aid, and more. The Misbranded Products are also

5   presently sold through retailers such as Amazon, Vons, and CVS y Mas, as well as a

6   host of smaller third-party websites. By selling and distributing aluminum-containing

7   "deodorants" that would lead California residents to believe the product is *not* an

8   antiperspirant, or all-natural, Defendants have violated the law.

9   **Defendants' Misbranded Products Failed to Follow Proper Labeling**

10   **Requirements for a Drug**

11   21.   The Federal Food Drug and Cosmetic Act ("FD&C Act") defines

12   cosmetics as "articles intended to be rubbed, poured, sprinkled, or sprayed on,

13   introduced into, or otherwise applied to the human body… for cleansing, beautifying,

14   promoting attractiveness, or altering the appearance." FD&C Act, sec. 201(i).

15   22.   The FD&C Act defines drugs as "articles intended for use in the

16   diagnosis, cure, mitigation, treatment, or prevention of disease" and "articles (other

17   than food) intended to affect the structure or any function of the body of man or other

18   animals." FD&C Act, sec. 201(g)(1).

19   23.   The U.S. Food & Drug Administration ("FDA") has recognized that

20   some products meet the definition of both a cosmetic and a drug. In these instances,

21   the FDA requires that the item comply with the requirements for both product types.

22   *See* https://www.fda.gov/cosmetics/cosmetics-laws-regulations/it-cosmetic-drug-or-

23   both-or-it-soap#Both. On its website, the FDA identifies "deodorants that are also

24   antiperspirants" as an example of one of these drug and cosmetic combinations that

25   must follow requirements for both classifications. *See id.*

26   24.   The FDA has implemented regulations, codified in the Code of Federal

27   Regulations, which lists the precise ingredients for what is to be considered an

28   antiperspirant:

The active ingredient of the product consists of any of the following within the established concentration and dosage formulation…

…

(b) Aluminum chlorohydrate up to 25 percent.

21 C.F.R. § 350.10.

25.     Antiperspirants affect the structure of the body in that they prevent perspiration through active, artificial ingredients such as aluminum chlorohydrate. Here, the second ingredient of Defendants' Misbranded Products is aluminum chlorohydrate, therefore rendering it a drug that needs to conform with all appropriate labeling requirements, including 21 C.F.R. § 350.10, as outlined above.

### Defendants' Misleading Product Labeling

26.     If a manufacturer is going to make a claim on a label, the label must help consumers make informed choices. Defendants have made, and continue to make, misleading claims on their "deodorant" labels in violation of California and Federal laws which govern the types of representations that can be made about a drug.

27.     Under the California Sherman Food, Drug & Cosmetic Law (the "Sherman Law") as well as the FD&C Act, both drugs and cosmetics are considered misbranded if the "labeling is false or misleading in any particular." 21 U.S.C. §§ 352, 362; Cal. Health & Safety Code §§ 111330, 111730. Thus, the Sherman Law and FD&C Act impose identical requirements with respect to ensuring that the labels for drugs and cosmetics are truthful and not misleading.

28.     Similar to the FD&C Act, the Sherman Law also defines a "drug" as "any article other than food, that is used or intended to affect the structure or any function of the body of human beings or any other animal." Cal. Health & Safety Code § 109925(c).

29.     Defendants' labeling practices are unlawful because they are deceptive and misleading for failing to reveal that the "deodorant" roll-ons are actually antiperspirants since they each contain an ingredient (aluminum chlorohydrate) that

1    affects the structure and/or composition of the body, according to 21 C.F.R. § 350.10.

2        30.    Defendants make an additional unapproved health claim on the label of

3    one of the Misbranded Products by claiming that it is "100% Avena natural," despite

4    that it, too, contains aluminum chlorohydrate. No reasonable consumer would

5    consider a product comprised significantly of an artificial ingredient to be natural, and

6    yet the "100% Avena natural" claim on the front of the "deodorant" suggests

7    otherwise.

8                            **JURISDICTION AND VENUE**

9        31.    This Court has diversity jurisdiction over the claims asserted herein by

10   Plaintiff and the Class members pursuant to 28 U.S.C. § 1332(d) as amended in

11   February 2005 by the Class Action Fairness Act ("CAFA").

12       32.    CAFA jurisdiction is proper because: (a) the amount in controversy in

13   this class action exceeds five million dollars, and the proposed Class (defined below)

14   includes more than 100 members, of which at least one member of the Class is a

15   citizen of a state different from any defendant; and (b) Defendants have purposefully

16   availed themselves of the privilege of conducting business activities within the State

17   of California, where the unlawful conduct took place.

18       33.    The Court has personal jurisdiction over Defendants because a

19   substantial portion of the wrongdoing alleged in this Complaint occurred in

20   California, Defendants are authorized to do business in California, have sufficient

21   minimum contacts with California, and otherwise avail themselves of the markets in

22   California through the promotion, marketing, and sale of the Misbranded Products,

23   which is sufficient to render the exercise of jurisdiction by this Court permissible

24   under traditional notions of fair play and substantial justice.

25       34.    Pursuant to 28 U.S.C. § 1391, venue is proper in this District, as Plaintiff

26   resides in the District, Defendants each transact significant business in the District,

27   and a substantial part of the events or omissions giving rise to the Complaint occurred

28   in the District.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**CLASS ACTION ALLEGATIONS**

35.     Plaintiff brings this action as a class action pursuant to Federal Rule of Procedure 23(b)(2) and 23(b)(3) on behalf of all California residents who fall within the following Class:

> All California residents who purchased one or more of the Misbranded Products (the "Class").

36.     Plaintiff reserves the right to amend the class definitions and to create sub-classes, if necessary, to maintain a cohesive class that does not require individual inquiry to determine liability.

37.     The following persons are expressly excluded from the Class: (a) Defendants and its subsidiaries and affiliates; (b) all persons who make a timely election to be excluded from the proposed Class; (c) governmental entities; and (d) the Court to which this case is assigned and its staff.

38.     This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

39.     Numerosity: Based upon the availability of Defendants' Misbranded Products online and in stores, it is estimated that the Class numbers in the thousands, and that joinder of all Class members is impracticable.

40.     Common Questions Predominate: This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members. Thus, proof of a common set of facts will establish the right of each Class member to recover. Questions of law and fact common to each Class member include, for example, the below questions, the answers to which are apt to drive the resolution of the litigation:

> a)     Whether Defendants engaged in unlawful, unfair, or deceptive business practices by failing to properly label its Misbranded Products sold to consumers;

b)    Whether the products at issue were misbranded or unlawfully labeled as a matter of law;

c)    Whether Defendants made unlawful and misleading content and health related claims with respect to the products it sold to consumers;

d)    Whether Defendants violated California Bus. & Prof. Code § 17200 *et seq*. ("UCL"), California Bus. & Prof. Code § 17500 *et seq*., the Consumers Legal Remedies Act ("CLRA") reflected in Cal. Civ. Code § 1750 *et seq.,* and the Sherman Law;

e)    Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

f)    Whether Defendants acted negligently, causing harm to Plaintiff and the Class;

g)    Whether Defendants' unlawful, unfair and/or deceptive practices harmed Plaintiff and the Class; and

h)    Whether Defendants were unjustly enriched by its deceptive practices.

41.    Typicality: Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased one of the Misbranded Products. Defendants' unlawful, unfair and/or misleading actions concern the same business practices described herein, irrespective of where they occurred or where they were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendants' conduct in violation of California and Federal law. The injuries of each member of the Class were caused directly by Defendants' wrongful conduct. In addition, the factual underpinning of Defendants' misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class.

42.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with, or

are antagonistic to, the interests of the Class members. Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and the members of the Class. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately litigate this class action, and Plaintiff and his counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

43.    Superiority: There is no plain, speedy or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort. Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the issues presented in this litigation.

44.    The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

45.    The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

46.    Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  maintenance as a class action.

2      47.    The nature of notice to the proposed Class is contemplated to be by

3  direct postal mail or electronic means based upon Defendants' records or, if such

4  notice is not practicable, by the best notice practicable under the circumstance

5  including publication on the internet or in major newspapers.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(California Unfair Competition Law,

Business and Professions Code §§ 17200 *et seq*.)

(By Plaintiff Against All Defendants)

11     48.     Plaintiff repeats, reiterates, and realleges each and every allegation

12  contained in the paragraphs above as if fully set forth herein.

13     49.    California Business and Professions Code § 17200 prohibits any

14  "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue

15  or misleading advertising."

16     50.    Defendants have engaged in unlawful and unfair business practices in

17  violation of § 17200 as set forth through the acts and practices alleged in this

18  Complaint.

19     51.    Defendants' affirmative misrepresentations and material omissions

20  regarding the products it was selling constitutes unfair, deceptive, and misleading

21  business practices.

22     52.    Defendants sold a misbranded cosmetic and drug nationwide and in

23  California.

24     53.    Defendants are both corporations and, therefore, both qualify as a

25  "person" within the meaning of the Sherman Law.

26     54.    Defendants' business practices are unlawful and also misleading under

27  §§ 17200 *et seq*. These unlawful practices include, but are not limited to:

28          a.     Defendants falsely advertised each of the Misbranded Products as

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

"deodorants" and, as to one of the Misbranded Products, that it is "100% Avena natural," in violation of the Sherman Law, Cal. Health & Safety Code § 110390;

b.   Defendants manufactured, sold, delivered, held, or offered for sale its Misbranded Products that had been falsely advertised in violation of the Sherman Law, Cal. Health & Safety Code § 110395;

c.   Defendants advertised the Misbranded Products in violation of the Sherman Law, Cal. Health & Safety Code §§ 110290, 110398, and 111330;

d.   Defendants received and delivered in commerce its falsely advertised Misbranded Products in violation of the Sherman Law, Cal. Health & Safety Code § 110400;

e.   Defendants manufactured, sold, delivered, held, or offered for sale its Misbranded Products that had been misbranded in violation of the Sherman Law, Cal. Health & Safety Code §§ 110290, 111440, and 111330;

f.   Defendants misbranded its products in violation of the Sherman Law, Cal. Health & Safety Code §§ 110290, 111445, and 111330;

g.   Defendants proffered for delivery its drug and cosmetic products which were misbranded in violation of the Sherman Law, Cal. Health & Safety Code §§ 110290, 111450, and 111330;

h.   Defendants represented that its Misbranded Products had characteristics, ingredients, uses, or benefits which they did not have in violation of the CLRA, Civ. Code § 1770(a)(5); and

i.   Defendants represented that its Misbranded Products were of a particular standard, quality, or grade when they were of another, in violation of the CLRA, Civ. Code § 1770(a)(7).

55.     Defendants knew and should have known at the time of making or disseminating the Misbranded Products that such statements on the labels were false and misleading and therefore likely to deceive the public. Their omissions of the word "antiperspirant" or any clear and conspicuous indication that the product was not, in fact, "100% Avena natural," and instead contained aluminum chlorohydrate as an active ingredient, was deceptive and misleading. All of this conduct, separately and collectively, was likely to deceive California consumers, including Plaintiff and the Class.

56.     As a result of Defendants' unfair and unlawful business practices, Plaintiff and members of the Class suffered a substantial injury by virtue of their buying Defendants' Misbranded Products that they would not have purchased absent Defendants' deceptive and misleading conduct, or, alternatively, Plaintiff and the Class members would have paid less for them. Defendants' deceptive marketing further prevented Plaintiff and the Class members from purchasing alternative products, of similar price, which matched the true description of what Plaintiff and the Class members sought – that being an all-natural product and/or a true deodorant.

57.     The wrongful conduct alleged herein occurred, and continues to occur, in the course of Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated in the State of California.

58.     Defendants' unfair and unlawful business practices directly and proximately caused damages to Plaintiff and the Class members.

59.     Plaintiff and members of the Class suffered an injury in fact, including the loss of money or property as a result of Defendants' unfair, unlawful, or deceptive practices. To wit, on two separate occasions, Plaintiff paid $2.99 in store for a two-pack of the "deodorant" that was actually an antiperspirant and was labeled as "100% Avena natural."

/ / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

60.     As a result of Defendants' unlawful and unfair business practices, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining Defendants from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the Class, in the form of restitution, any money that Defendants have acquired through their unfair competition.

### SECOND CAUSE OF ACTION

(Business and Professions Code §§ 17500 *et seq.*,

Misleading and Deceptive Advertising)

(By Plaintiff Against All Defendants)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

62.     Plaintiff asserts this cause of action for violations of California Business and Professions Code § 17500 *et seq.* for misleading and deceptive advertising against Defendants.

63.     Defendants sold the Misbranded Products in California and nationwide.

64.     California Business and Professions Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

65.     Defendants offered the Misbranded Products for sale to Plaintiff and members of the Class by way of, inter alia, product labeling. This labeling misrepresented and/or misled as to the true contents and nature of Defendants' Misbranded Products. Defendants' advertisements and inducements were made for

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

the benefit or reliance of California residents and come within the definition of advertising as contained in Business and Professions Code §§ 17500 *et seq*., in that such product labeling, by its omission of the word "antiperspirant" and its misleading claims of being "100% Avena natural" (as to one product) were an inducement to Plaintiff and the Class to purchase one or more of the Misbranded Products. The labeling on each the Misbranded Products is comprised of statements and/or omissions disseminated by Defendants, intended to reach Plaintiff and Class members. Defendants knew, or in the exercise of reasonable care should have known, that these statements and omissions were misleading and deceptive as set forth herein.

66.    Defendants' conduct in disseminating misleading and deceptive statements and omissions in California and nationwide to Plaintiff and the Class was, and is, likely to deceive reasonable consumers by obfuscating the true composition and nature of the Misbranded Products in violation of the "misleading prong" of California Business and Professions Code §§ 17500 *et seq*.

67.    Had Plaintiff and the Class members known that the Misbranded Products were an antiperspirant and/or were not 100% natural, Plaintiff and the Class members would not have purchased one or more of the Misbranded Products.

68.    As a result of Defendants' violations of the "misleading" and "untrue" prongs of California Business and Professions Code §§ 17500 *et seq*., Defendants have been unjustly enriched at the expense of Plaintiff and the Class.

69.    Plaintiff and members of the Class suffered an injury in fact, including the loss of money or property as a result of Defendants' unfair, unlawful, or deceptive practices. To wit, on two separate occasions, Plaintiff paid $2.99 in store for a two-pack of the "deodorant" that was actually an antiperspirant and was labeled as "100% Avena natural."

70.    Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining Defendants from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the Class, in the

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  form of restitution, any money that Defendants have acquired through their unfair

2  competition.

### **THIRD CAUSE OF ACTION**

4  (Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*)

5  (By Plaintiff Against All Defendants)

6  71.  Plaintiff repeats, reiterates, and realleges each and every allegation

7  contained in the paragraphs above as if fully set forth herein.

8  72.  The acts and practices of Defendants as described above were intended

9  to deceive Plaintiff and the Class as described herein and have resulted in harm to

10 Plaintiff and the Class.

11 73.  The actions violated and continue to violate the CLRA in, at least, the

12 following ways:

13 a.  Defendants represented that its Misbranded Products had

14 characteristics, uses and benefits that it did not actually have

15 (being "natural" and/or being a "deodorant") in violation of §

16 1770(a)(5); and

17 b.  Defendants represented that its Misbranded Products had

18 particular qualities that it did not actually have (such as being

19 "natural" and being a "deodorant") in violation of § 1770(a)(7).

20 74.  By committing the acts alleged above, Defendants have violated the

21 CLRA.

22 75.  Defendants sold the Misbranded Products nationwide and in California.

23 76.  Plaintiff and members of the Class are "consumers" as that term is

24 defined by the CLRA in Cal. Civ. Code § 1761(d).

25 77.  Each of Defendants' Misbranded Products are a "good" within the

26 meaning of Cal. Civ. Code § 1761(a).

27 78.  Defendants falsely represented and/or omitted material facts to its

28 consumers regarding the true content of the Misbranded Products, which is

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

information that would be relied upon by consumers, such as Plaintiff and the Class members, when deciding whether to purchase and use the product.

79.     Defendants' misrepresentations and material omissions, and their publication of these material inaccuracies on the label of their Misbranded Products, constitutes unfair, deceptive, and misleading business practices in violation of California § 1770(a).

80.     Plaintiff requests that the Court enjoin Defendants from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to Cal. Civ. Code § 1780(a)(2). If Defendants are not enjoined from engaging in these practices in the future, Plaintiff and the Class will continue to suffer harm.

81.     Plaintiff, on behalf of himself and the Class, seeks injunctive relief only on this Cause of Action.

## **FOURTH CAUSE OF ACTION**

(Negligence)

(By Plaintiff Against All Defendants)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

83.     Defendants owed a duty to Plaintiff and Class members to exercise reasonable care in labeling and branding their "deodorant" roll-on, which they knew to be designed for application on the consumer's body.

84.     Defendants had a duty to appropriately label the Misbranded Products in compliance with the law, and in a manner that would allow consumers to make an educated and informed decision about the products they were purchasing, based solely on the label's statements and representations.

85.     Defendants breached their duty of care to Plaintiff and the Class by omitting the word "antiperspirant" on the label of each of the Misbranded Products, which led Plaintiff and the Class members to believe that they were purchasing a true deodorant.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

86.     Defendants further breached their duty of care to Plaintiff and the Class by labeling, as to one of the Misbranded Products, that it was both a "deodorant" and "100% Avena natural" despite the fact that it contained aluminum chlorohydrate as its second ingredient.

87.     Plaintiff purchased one of the Misbranded Products after viewing and relying on the omissions and representations on the front of the label.

88.     The representations and omissions that existed, and continue to exist, on the label of the Misbranded Products were a substantial factor in bringing about the harm to Plaintiff and the Class members, which included purchasing one or more of the Misbranded Products as opposed to reasonably available alternative products of similar price.

89.     As a direct and proximate result of Defendants' negligence, Plaintiff and the Class members have been injured and have suffered a loss and are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for judgment against Defendants as follows:

1.     For an order certifying this case as a Class Action, designating Plaintiff as the named representative of the Class, and designating the undersigned as Class Counsel;

2.     For an order awarding, as appropriate, damages or restitution to Plaintiff and the Class;

3.     For an award to Plaintiff and the Class of damages in an amount to be proven at trial;

4.     For an order requiring Defendants to immediately cease and desist from selling, marketing, or otherwise distributing each of the Misbranded Products in violation of the law; enjoining Defendants from continuing to market, advertise, distribute, and sell these products in the unlawful manner described herein; and

1  ordering Defendants to engage in corrective action;

2      5.      For injunctive relief only on the CLRA cause of action, pursuant to Cal.

3  Civ. Code §§ 1750 *et seq*.;

4      6.      For an order awarding attorneys' fees and costs;

5      7.      For an order awarding pre-and post-judgment interest; and

6      8.      For an order providing such further relief as this Court deems proper.

7  DATED: August 13, 2021             **KIESEL LAW LLP**

8

9

10                          By:     */s/ Stephanie M. Taft*
                                     _____
11                                   JEFFREY A. KONCIUS
                                     STEPHANIE M. TAFT
12
13                                   *Attorneys for Plaintiff Bob Ward,*
                                     *individually and on behalf of all others*
14                                   *similarly situated*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

# **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury.

DATED: August 13, 2021                    **KIESEL LAW LLP**


By: _____/s/ Stephanie M. Taft_____
JEFFREY A. KONCIUS
STEPHANIE M. TAFT

*Attorneys for Plaintiff Bob Ward,*
*individually and on behalf of all others*
*similarly situated*

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California